Nash, C. J.
 

 The doctrine of amendments ,and the power of this Court to control the action of an inferior Court in such matters, are fully and elaborately discussed by Judge PearSoN, in the opinion delivered in the case of Phillips® against HigdoN, Bus. 382.
 

 It is there laid down with such perspicuity, that we had hoped it would prove to the profession a sure guide. The Court decide “that our jurisdiction in regard to amendments in the Courts below, is confined to the question of power; with its discretion in the exercise of the power, supposing the Court to have it, we have no concern.” The question presented to us in the present case, is very clearly of the latter character. The declaration contains three counts; the first, is one on the demise of George W. Styron, of the whole tract of land; the second is on the demise of John W. Piggott, of one-third of the same tract, the third is on the demise of George W. Styron, for one-third of the same tract. At Spring Term, 1854, of Brunswick Superior Court, where the cause waspending, a motion was made, on the part of the defendants, to strike out of the declaration the two counts on the demise of George W. Styron, which was refused by the
 
 *357
 
 Court, and for that refusal, the defendant appealed. Whether he would or would not grant the motion, was clearly within the discretion of the Judge. For reasons satisfactory to himself, he did not choose to exercise the power he certainly possessed. The action was brought by order of the County Court of Brunswick, to try the legal title to the tract of land mentioned in the declaration, and for a partition of which a petition was then pending in said Court; the petitioner, John W. Piggott, claiming to be a tenant in common with the defendant who claimed the whole tract as his. There was, therefore, a manifest propriety in supposing the plaintiff to count as many demises as might be necessary in ascertaining the question directed by the Court to be settled.
 

 But the motion being one addressed to the discretion of the Court, we cannot interfere with its exercise.
 

 Appeal dismissed with costs.